IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$140,656 IN UNITED STATES CURRENCY;<br><br>$69,440 IN UNITED STATES CURRENCY; AND<br><br>$1,516.50 IN UNITED STATES CURRENCY,<br><br>DEFENDANTS. | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, United States of America, by Theodore S. Hertzberg, United States Attorney, and Jeffrey A. Brown, Assistant United States Attorney, for the Northern District of Georgia, and files this Verified Complaint for Forfeiture:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against the following property that the Henry County Police Department ("HCPD") seized from Bruce Daniel and Carl Daniel during the execution of a state search warrant at 114 Bridges Road, McDonough, Henry County, Georgia (the "Residence") on May 17, 2024, as part of a drug trafficking investigation:

1

      a. $140,656 in United States currency;

      b. $69,440 in United States currency; and

      c. $1,516.50 in United States currency,

(collectively, "Defendant Currency").

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.    This Court has in rem jurisdiction over the Defendant Currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4.    Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5.    The Defendant Currency is presently being held in a government account maintained by the United States Marshals Service.

## BASIS FOR FORFEITURE

6.    The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of Title 21, United States Code, Section 841.

7.    The Defendant Currency also is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) on the grounds that it constitutes or

was derived from proceeds traceable to a violation of a "specified unlawful activity."

8. Title 18, United States Code, Section 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in Title 18, United States Code, Section 1961(1).

9. Title 18, United States Code, Section 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

## Factual Background

*The Seizure Location is Identified as a Location That Sells Illegal Narcotics*

10. In or about April 2024, a Confidential Source (CS1) informed HCPD officers that illegal narcotics were being sold out of the Residence. CS1 identified the residence as belonging to Bruce Daniel and stated that the second individual known as "Cool Carl," who was later identified as Bruce Daniel's cousin, Carl Daniel, also lived at the Residence.

11. In or about May 2024, a second Confidential Source (CS2) informed HCPD officers that crack cocaine, power cocaine and fentanyl pills were being sold out of the Residence.

12. On or about April 25, 2024, law enforcement officers conducted surveillance at the Residence and observed ten different vehicles arrive and depart within a span of less than two hours.

13. On or about May 16, 2024, agents conducted surveillance at the Residence and observed twelve different vehicles arrive and depart within a span of less than one hour.

*Search of Residence and Seizure of Defendant Currency*

14. On or about May 17, 2024, law enforcement officers executed a state search warrant at the Residence.

15. At the time of the search, Bruce Daniel, Carl Daniel and Martessia Tolen were present.

16. During the search of one of the bedrooms in the Residence, law enforcement officers discovered approximately 13 grams of crack cocaine, 50 grams of MDMA, 5 grams of marijuana, and Defendant $1,516.50 in United States currency.

17. Carl Daniel and Martessia Tolen told law enforcement officers that they resided in the bedroom where Defendant $1,516.50 in United States currency was discovered.

18. During the search of another bedroom in the Residence, law enforcement officers discovered approximately one gram of cocaine, small baggies commonly used to package illegal drugs, three grams of suspected marijuana, AR-15 magazines loaded with ammunition, 9mm caliber ammunition, and Defendant $69,440 in United States currency.

19. Bruce Daniel told law enforcement officers that he lived in the bedroom where Defendant $69,440 in United States currency was discovered.

20. During the search of the common areas, law enforcement officers also found approximately one gram of suspected cocaine, plastic baggies commonly used to package illegal drugs for sale and distribution and a digital scale in the kitchen.

4

21. Law enforcement officers also found one AR-15 style rifle in the living room closet.

22. In the driveway of the Residence, law enforcement officers discovered one 2020 Cadillac CTS, Vehicle Identification Number 1G6KE5RS4LU102705 that was registered to Bruce Daniel.

23. HCPD Officer Bryant and his certified Police Work Dog, "Bugattie," conducted an open-air sniff test for the odor of illegal narcotics around the vehicle.

24. Bugattie gave a positive alert to the odor of illegal narcotics in the Cadillac CTS.

25. Law enforcement officers then searched the Cadillac CTS and discovered Defendant $140,656.00 in United States currency.

26. A few days later, on May 21, 2024, HCPD Officer Bryant and Bugattie conducted an open-air sniff test for the odor of illegal narcotics on the Defendant Currency.

27. Bugattie gave a positive alert to the odor of illegal narcotics on Defendant $140,656 in United States currency, Defendant $69,440 in United States currency and Defendant $1,516.50 in United States currency.

*Interview of Bruce Daniel*

28. On or about May 18, 2024, law enforcement officers advised Bruce Daniel of his Miranda rights, which he acknowledged by signing a rights waiver form before agreeing to speak with them.

29. Bruce Daniel admitted that he lived at the residence but denied any knowledge of drugs being sold at the Residence.

30. Bruce Daniel claimed United Currency seized from the Residence.

31. Bruce Daniel also stated that the United States currency recovered from the Residence was derived from cash loans he made to individuals, on which he charged 5% interest.

*Interview of Carl Daniel*

32. On or about May 18, 2024, law enforcement officers advised Carl Daniel of his Miranda rights, which he acknowledged by signing a rights waiver form before agreeing to speak with them.

33. Carl Daniel told officers he owned and lived at the Residence.

34. Carl Daniel denied knowledge of the Defendant Currency seized from the Residence.

35. Carl Daniel initially denied knowledge about drugs being sold at the Residence.

36. Later in the interview, Carl Daniel claimed ownership of the MDMA, and cocaine found during the search of his bedroom at the Residence.

*Interview of Tolen*

37. On or about May 18, 2024, law enforcement officers advised Martessia Tolen of her Miranda rights, which she acknowledged by signing a rights waiver form before agreeing to speak with them.

38. Martessia Tolen told law enforcement officers that she had lived at the Residence for several years.

39. Martessia Tolen further stated that she shared a bedroom at the

Residence with Carl Daniel.

40. Martessia Tolen responded "yes," when asked whether Carl Daniel and Bruce Daniel sold crack cocaine.

*Administrative Proceedings*

41. The United States Drug Enforcement Administration ("DEA") adopted the state seizure on or about May 30, 2024, and initiated administrative forfeiture proceedings against the Defendant Currency.

42. On or about August 5, 2024, Sean Joyner of The Joyner Law Firm, 288 Highway 314, Suite B2, Fayetteville, GA 30214, electronically filed an administrative claim with the DEA on behalf of Bruce Daniel, asserting that Bruce Daniel is the owner of Defendant $69,440 in United States currency.

43. On or about February 20, 2025, Carl Daniel electronically filed an administrative claim with DEA contending that he is sole owner of Defendant $1516.50 in United States currency.

44. On or about March 10, 2025, Sean Joyner of The Joyner Law Firm, electronically filed a second administrative claim with the DEA on behalf of Bruce Daniel, asserting that Bruce Daniel is the owner of Defendant $140,656 in United States currency.

45. Carl Daniel and Bruce Daniel each identified 114 Bridges Road, McDonough, Georgia 30253, as their address in their respective administrative

7

claim forms.

46. After receiving the claims, pursuant to Title 18, United States Currency, Section 983(a)(3), DEA referred the matter to the United States Attorney's Office for the Northern District of Georgia for the initiation of judicial forfeiture proceedings.

## FIRST CLAIM FOR FORFEITURE
## 21 U.S.C. § 881(a)(6)

47. The United States re-alleges and incorporates by reference Paragraphs 1 through 46 of this Verified Complaint for Forfeiture as if fully set forth herein.

48. Based on the foregoing, the Defendant Currency is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of Title 21, United States Code, Section 841.

## SECOND CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

49. The United States re-alleges and incorporates by reference Paragraphs 1 through 46 of this Verified Complaint for Forfeiture as if fully set forth herein.

50. The Defendant Currency is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely, the illegal distribution of controlled substances.

WHEREFORE, Plaintiff prays:

(1) that the Court forfeit the Defendant Currency to the United States of America;

(2) that the Court award the United States the costs of this action; and

(3) that the United States have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 7th day of July 2025.

                Respectfully submitted,

                THEODORE S. HERTZBERG
                  *United States Attorney*
                  *600 U.S. Courthouse*
                  *75 Ted Turner Drive SW*
                  *Atlanta, GA 30303*
                  *(404) 581-6000   fax (404) 581-6181*
            /s/JEFFREY A. BROWN
                  *Assistant United States Attorney*
                  Georgia Bar No. 088131
                  Jeffrey.Brown5@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $140,656 IN UNITED STATES CURRENCY; <br><br> $69,440 IN UNITED STATES CURRENCY; AND <br><br> $1,516.50 IN UNITED STATES CURRENCY, <br><br> DEFENDANTS. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Jacob Neri, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 7th day of July 2025.

_____
Jacob Neri
Task Force Officer
U.S. Drug Enforcement Administration